UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JEFFREY GOFF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-141-ART |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 5, 2009, the Court by previous Memorandum Opinion and Order denied both Plaintiff and Defendant's motions for summary judgment and remanded this matter back to the ALJ for specific findings pursuant to sentence four of 42 U.S.C. §405(g). *See* R. 15. Final Judgment was entered contemporaneously with the Memorandum Opinion and Order. *See* R. 16. Thereafter, Plaintiff filed a Motion for Attorney Fee's, R. 17, that the Court subsequently denied, R. 18. Plaintiff then filed a Rule 60(b) Motion, R. 19, asking the Court to reconsider and set aside its previous denial regarding fees. The Defendant filed a Response, R. 20, and a Reply was filed as well, R. 21.

### DISCUSSION

As a threshold matter, this Court notes that Plaintiff is correct in asserting that he is a "prevailing party." As the Supreme Court expressly stated, "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Therefore,

the Court vacates its previous Order, R. 18, to the extent that it denied prevailing party status to the Plaintiff.

This Court, however, is still unpersuaded that Plaintiff is entitled to attorney's fees. Plaintiff petitioned the Court for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (d), R. 17. Section 2412(d) provides in pertinent part, "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* In this instance, the Defendant opposes the award of fees because the Defendant argues its position was substantially justified when it defended the ALJ's denial of benefits to Plaintiff. R. 20. This Court agrees.

The government's position was substantially justified if it was "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). "Stated otherwise, a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 565). The government bears the burden of establishing that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). However, the government's position may be substantially justified even when the government does not prevail in defending the ALJ's decision to deny benefits in the district court. *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072 at * 4 (6th Cir. Nov. 12, 1999) (citing *Pierce*, 487 U.S. at 569).

The government has met its burden in this case. The Court did not remand this case because the ALJ was incorrect in his decision but rather on a technical point – the ALJ needed to explain his

reasoning in ordering a consultive exam.  *See* R. 15 (Memorandum Opinion and Order).  This case is analogous to *Anderson v. Commissioner of Social Security*, where a district court remanded to the ALJ so that he could better articulate his reasoning to determine if a claimant met a list of impairments.  *Anderson*, WL 1045072 at *4.  The Sixth Circuit determined that the government was substantially justified in defending the record as it stood in the district court even though there were flaws in the ALJ's decision, which required reversal and remand for further consideration.  *Id.* at *5.

Similarly, an examination of the record in the instant case demonstrates the Defendant was substantially justified in defending the ALJ's decision to deny benefits.  Indeed, this Court rejected the Plaintiff's argument as to why the ALJ was incorrect.  *See* R. 15.  Thus, Defendant's argument that Plaintiff's position was flawed was not only substantially justified, but was correct.

Independent of that, however, this Court believed that it had to remand for further clarification as to why the ALJ ordered a consultative examination pursuant to 20 C.F.R. §§ 404.1512(f) and 416.912(f).  *See* R. 15.  (This issue was raised by neither party, but rather by the Court *sua sponte*, *see* R. 12.)  The Court's previously issued opinion, R. 15, was not in any way a repudiation of the Defendant's position on the merits of Plaintiff's arguments.  Thus, fees are not appropriate here.

CONCLUSION

For the reasons given above, it is **ORDERED** as follows:

(1)     Plaintiff's Rule 60(b) Motion, R. 19, is **GRANTED**.

(2)     This Court's previous **ORDER**, R. 18, is **VACATED**.

(3)     Plaintiff's Motion for Attorney's Fees, R. 17, is **DENIED**.

This the 10th day of March, 2009.

Signed By:

_Amul R. Thapar_

**United States District Judge**

4